# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| LARRY COCHRAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 15 C 1526 |
| | ) | |
| LISA MADIGAN, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Larry Cochran's (Cochran) *pro se* petition for writ of habeas corpus (Petition) brought pursuant to 28 U.S.C. § 2254 (Section 2254). For the reasons stated below, the Petition is dismissed.

## BACKGROUND

In 1993, Cochran was convicted in Illinois state court of two counts of residential burglary. In December 1998, Cochran was convicted in state court of one count of retail theft and one count of writing a bad check. In January 2008, Cochran was convicted in federal court of possessing five grams or more of cocaine base with the intent to distribute was sentenced to 405 months of imprisonment, for which he remains currently in custody. Cochran unsuccessfully appealed his conviction and

1

then filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 (Section 2255), which was also denied in 2009. In May 2013, Cochran filed a petition for post-judgment relief relating to his 1993 state court convictions, arguing that his guilty plea was void because he was not represented by counsel. In August 2013, the trial court denied that petition, finding it untimely and the underlying claims to be unsupported by the record. Cochran also filed similar unsuccessful challenges to his other state court convictions. On February 17, 2015, Cochran filed the instant Petition.

## LEGAL STANDARD

An individual in custody pursuant to state court judgment may seek a writ of habeas corpus pursuant to Section 2254, which provides the following:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The decision made by a state court is deemed to be contrary to clearly established federal law "'if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts.'"

*Emerson v. Shaw*, 575 F.3d 680, 684 (7th Cir. 2009)(quoting *Bell v. Cone*, 535 U.S. 685, 694 (2002)).  The decision by a state court is deemed to involve an unreasonable application of clearly established federal law "'if the state court correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably applies it to the facts of the particular case.'"  *Emerson*, 575 F.3d at 684 (quoting *Bell*, 535 U.S. at 694).


## DISCUSSION

This court has liberally construed Cochran's *pro se* filings.  *See Perruquet v. Briley*, 390 F.3d 505, 512 (7th Cir. 2004)(stating that "[a]s [the plaintiff] was without counsel in the district court, his habeas petition [wa]s entitled to a liberal construction"); *Greer v. Board of Educ. of City of Chicago, Ill.*, 267 F.3d 723, 727 (7th Cir. 2001)(indicating that a court should "liberally construe the pleadings of individuals who proceed *pro se*").  Cochran asserts in the Petition that he was convicted and sentenced in the state court proceedings without the assistance of counsel, and that such convictions should be held unconstitutional because they were inappropriately used to enhance his federal sentence which he is currently serving. (Pet. 4-8).


I.  Petition

Respondent moves to dismiss the Petition, arguing that this court lacks subject-matter jurisdiction over the current Petition since Cochran is not in custody

on the challenged state court judgments.  (MTD 2).

A.  "In Custody" Requirement

Respondent argues that Cochran's Petition is based on state court sentences for which he has already served, and thus Cochran does not meet the "in custody" requirement.  (MTD 1).  The phrase "in custody" in Section 2254 has been interpreted to refer to when the petitioner is "'in custody' under the conviction or sentence under attack at the time his petition is filed."  *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).  Cochran's Petition seeks to challenge his prior "expired or discharged" state court convictions.  (Pet. 3).  The record does not reflect that Cochran is being held in custody as part of a sentence for those convictions.  The record reflects, and Cochran concedes, that Cochran is currently serving his federal sentence resulting from his January 2008 conviction.  (Pet. 6).  Thus, Cochran cannot invoke Section 2254 to challenge his previous state court convictions since he is not being detained based on those convictions.

Cochran argues that he falls under the exception outlined in *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394 (2001).  In *Lackawanna*, the Supreme Court has identified only one exception when a petitioner could challenge his prior conviction in such a situation: "where there was a failure to appoint counsel in violation of the Sixth Amendment. . . ."  *Id.* at 404; *see also Grigsby v. Cotton*, 456 F.3d 727, 730 (7th Cir. 2006)(identifying the "single exception" recognized in

4

*Lackawanna*).  The exception is not applicable in this case since the record reflects that Cochran has made similar arguments at state court and that his claims relating to counsel were found to be unsupported by the record.  Nor has Cochran pointed to sufficient evidence in his Petition to show that he was not afforded the opportunity to have counsel.  The court also notes that to the extent that the holding in *Lackawanna* identified a second potential exception, namely where "a habeas petition directed at [an] enhanced sentence may effectively be the first and only forum available for review of the prior conviction," that exception is also inapplicable in this case.  532 U.S. at 406.  The record reflects that Cochran was able to pursue a state remedy in the state courts.  Therefore, Cochran cannot contest his current federal sentence in this habeas proceeding by attacking his state court convictions, and this court lacks jurisdiction over the instant Petition.

### B.  Place of Filing

Even liberally construing the instant Petition and considering it as a petition for writ of habeas corpus brought pursuant to Section 2255, the court notes that Cochran filed the Petition in the Northern District of Illinois.  Respondent contests, and Cochran affirms, that he is currently in federal custody resulting from his January 2008 conviction in the Northern District of Indiana.  (MTD 5); (Pet. 6).  Since Cochran is not incarcerated in the Northern District of Illinois, this district is not the proper forum and the Petition is dismissed for that reason as well.  *See United States v. Mittelsteadt*, 790 F.2d 39, 41 (7th Cir. 1986)(holding that "the proper venue

for the habeas corpus proceeding is the district where [the prisoner] is being held"). Based on the above, Cochran's Petition is dismissed.

## II. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." *Id.* A district court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDonnell*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In the instant action, Cochran has not made a substantial showing of the denial of a constitutional right as to any claims presented in his Petition. Nor has Cochran shown that reasonable jurists could debate whether the Petition should have been resolved in a different manner or that the issues presented in the Petition deserve encouragement to proceed further. Therefore, should Cochran decide to appeal this court's ruling, this court finds that a certificate of appealability would not be warranted.

## CONCLUSION

Based on the foregoing analysis, the Petition is dismissed, and the court declines to issue a certificate of appealability.

Samuel Der-Yeghiayan
United States District Court Judge

Dated:   January 28, 2016